UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KAWANDA M. CAPERS** | **CIV. ACTION NO. 3:16-01360** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER, U.S. SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the district court, is a petition for attorney's fees pursuant to 42 U.S.C. § 406(b) [doc. # 24] filed by Alex W. Rankin, attorney for Plaintiff Kawanda Capers. The Commissioner filed a response stating that she did not intend to take a position on the motion but provided information to assist the court in its determination, including a suggestion that a reasonable award should not exceed twice the attorney's non-contingency hourly rate. (Gov.'t Response [doc. # 27]).[1] As detailed below, it is recommended that the motion be DENIED.

**Background and Timeline**

On September 28, 2016, Kawanda M. Capers ("Capers"), represented by attorney Alex W. Rankin, filed the instant complaint for review of the Commissioner's denial of social security disability benefits. On January 30, 2018, the District Court entered judgment reversing and remanding the matter to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Jan 30, 2018 Judgment [doc. # 21]). On April 26, 2018,

---

[1] Although the Commissioner has no direct financial interest in the § 406(b) award, she acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

Capers filed an unopposed petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA Fee Petition") [doc. # 22], which the court granted and awarded EAJA fees in the amount of $6,562.50. (Stip. Order [doc. # 23]).

More than four years later, on August 15, 2022, the Commissioner issued a Notice of Award stating that the agency had found Capers disabled under the Social Security Act as of June 1, 2013. *See* Notice of Award; M/Fees, Exh. 2 [doc. # 24-2]. The Notice stated that the Commissioner had approved the fee agreement between Capers and her representative. *Id*. The Notice further explained that Capers' past-due benefits totaled $126,312.00, and that, "[u]nder the fee agreement, the representative cannot charge more than $6,000 for his or her work." *Id*. The Commissioner stated that the agency had withheld $31,578.00 from Capers' past-due benefits to pay "an authorized fee." *Id*. The agency added that it continued to withhold "the remainder, $25,578.00," in the event that Capers' lawyer should ask the federal court to approve a fee for work done in federal court. *Id*. The Notice also explained that, in the alternative, Capers' lawyer could petition for an EAJA fee.

On August 29, 2022, Capers' attorney[2] filed the instant petition for an attorney fee pursuant to 42 U.S.C. § 406(b) (sometimes referred to herein as "406(b) Fee Motion"). He seeks to recover a § 406(b) award of $25,578.00, which represents 20.25% of Capers' past-due benefits as compensation for work expended on the client's behalf in federal court.

In further support of the § 406(b) petition, counsel submitted a "Retainer Contract and/or Assignment of Interest and Contract of Employment under the Provisions of R.S. 37:318 [sic] and R.S. 9:5001 ("Retainer Contract") executed by Capers and Alex W. Rankin on August 23,

---

[2] Plaintiff's attorney is the real party in interest for purposes of the instant motion. *Gisbrecht*, 535 U.S. at 798, n.6.

2016.  (Retainer Contract; M/406(b) Fees, Exh. 1 [doc. # 24-1]).   The Contract provides, in pertinent part, that,

> [a]s a consideration for legal services rendered, Client agrees that Attorneys shall receive any legally allowable award for attorney's fees under the provisions of appropriate statutes and jurisprudence of the United States, concerning representation of claimants in Social Security Disability/SSI cases, to include Equal Access to Justice attorney fee recoveries.   In the event that client's claim for benefits is reversed and/or remanded by a federal court, claimant specifically authorizes attorneys to petition for, receive and deposit attorney's fees under the Equal Access to Justice Act . . .
>
> Client understands and agrees that the attorney's charges for this work on an hourly basis, should an hourly rate of pay be determined appropriate, is $300.00 per hour.

*Id*.

Counsel also submitted a document entitled, "Declaration of Intent," that was signed by Capers on August 19, 2022, and, which reads, as follows,

> I Kawanda Capers . . . agree to pay Alex W. Rankin, my attorney, a fee of not more than 25% of all past due disability benefits payable to me.  I understand that an attorney who successfully represents a Social Security Disability benefits clamant in court may be awarded as part of the judgment a "reasonable fee . . . not in excess of 25% of all the past due benefits" awarded to the claimant.

(Declaration of Intent; M/406 Fees, Exh. 3 [doc. # 24-3]).

## Law

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In *Gisbrecht v. Barnhart*, the Supreme Court recognized that contingent-fee agreements remain the primary source for determining the fee that a claimant owes his attorney for representation in federal court. *Gisbrecht*, 535 U.S. at 807, 122 S.Ct. at 1828. Pursuant to § 406(b), however, courts also must review fee agreements to ensure that they yield "reasonable results in particular cases." *Id*. For fees within the 25 percent boundary, the burden remains with the attorney for the successful claimant to show that "the fee sought is reasonable for the services rendered." *Id*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Id.* at 808, 122 S.Ct. at 1828. In its assessment of the reasonableness of the fee prescribed by the fee agreement, the court may require the attorney to submit a record of the number of hours that he expended on the case and his normal hourly billing charge in noncontingent fee cases. *Id*.

In *Jeter v. Astrue*, 622 F.3d 371(5th Cir. 2010), the Fifth Circuit examined *Gisbrecht* and concluded that lower courts are not precluded from considering the lodestar (the number of hours reasonably expended by the attorney in the case multiplied by his reasonable hourly fee) in their 406(b) fee determinations. The court explained that

> where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee award would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney - and thus not attributable to the attorney's representation of the client before the court.

*Id*. at 382. Although the Fifth Circuit declined to prescribe an exhaustive list of factors that lower courts should consider when determining whether a particular fee is unearned, the court did cite some factors considered by other courts, including risk of loss in the representation,

attorney experience, percentage of the past-due benefits the fee constitutes, value of the case to the claimant, degree of difficulty, and whether the client consents to the fee. *Id*.

## Analysis

Under § 406(b), the court first must determine whether a fee agreement has been executed between the plaintiff and his attorney. *Garcia v. Astrue*, 500 F. Supp.2d 1239, 1242 (C.D. Cal. 2007) (citing *Gisbrecht*, 532 U.S. at 807, 122 S. Ct. at 1828, and *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). As Capers acknowledged in her brief, *Gisbrecht* focuses upon the contract between a plaintiff and her attorney, and, thus, the "starting point is the contingent-fee request in light of the contingent-fee agreement." (Pl. Memo., pgs. 4-5).

"A lawyer's contingency fee contract with a client must be in writing." *In re Hebert*, No. 14-30559, 2015 WL 5813438, at *3 (Bankr. W.D. La. Oct. 5, 2015) (citing *Dereyna v. Pennzoil Exploration,* 880 So.2d 124, 128 (La. App. 3rd Cir. 2004). Indeed, the Louisiana Rules of Professional Conduct[3] provide that "[a] contingent fee agreement shall be in a writing signed by the client . . . The contingency fee agreement shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer . . ." LA. RULES OF PROF'L CONDUCT 1.5(c).[4] Furthermore, "the provisions of a contingent fee contract entered into under the authorization granted by LSA-R.S. 37:218 must be strictly

---

[3] In this district, the relevant ethical canons include "(1) the local rules for the Western District of Louisiana; (2) the American Bar Association's ("ABA") Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001). The Western District has adopted the Louisiana Rules of Professional Conduct as promulgated by the Louisiana Supreme Court. *See* LR 83.2.4.

[4] Louisiana's rule closely tracks the ABA rule. *See* ABA MODEL RULES OF PROF'L CONDUCT 1.5(C).

construed and the client's right to dispose of his suit or claim as [s]he sees fit is to be limited thereby only to the extent Expressly stipulated therein." *Succession of Vlaho*, 140 So.2d 226, 231 (La. App 4th Cir. 1962).

Applying the foregoing principles here, the court finds nothing in the 2016 Retainer Contract that authorizes Mr. Rankin or Ms. Bohr to recover any portion of Capers' past-due benefits. Moreover, the Retainer Contract fails to mention any contingent fee award or any basis for calculating such an award.[5] While the Retainer Contract references "any legally allowable award for attorney's fees under the provisions of appropriate statutes and jurisprudence . . .," the Retainer Contract then addresses fees that are awarded under the EAJA. Of course, Capers' attorneys already have received fees under the EAJA for their work in federal court. Therefore, the undersigned finds that Capers' attorneys are not entitled to a percentage of Capers past-due benefits under the plain terms of the 2016 Retainer Contract.

Apparently realizing that the 2016 Retainer Contract did not contain a contingency fee provision, Capers' attorney obtained a declaration from his client stating that she agreed to pay him "a fee of not more than 25% of all past due disability benefits payable to [her]." However, Mr. Rankin already has received an EAJA fee of $6,562.50 for his work in this matter, which is less than 25 percent of Capers' past due benefits. Thus, even under the terms of Capers' Declaration of Intent, Capers' attorneys have received that which was due them.

Insofar as Capers' attorneys contend that Capers' Declaration of Intent reflects Capers' acknowledgment that they should receive 25 percent of her past-due benefits (notwithstanding

---

[5] Contrast a more recent employment agreement contract utilized by Mr. Rankin in another social security case that expressly included a contingent fee provision, including the percentage amount. *Cripps v. Social Security Administration*, Civ. Action No. 19-1501 [doc. # 29-1] (W.D. La.).

6

that the sum was not due under the Retainer Contract), such a unilateral agreement or modification of the Retainer Contract is not enforceable. The Louisiana Rules of Professional Conduct provide that,

> [a] lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
>
> (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;
>
> (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
>
> (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

LA. RULES OF PROF'L CONDUCT 1.8(a).[6]

Further, a lawyer's duty of loyalty to the client forbids a lawyer from taking any action in his own self-interest which would have an adverse effect on the client. *Hodges v. Reasonover*, 103 So.3d 1069, 1077 (La. 2012) (citation omitted). Thus, "an attorney cannot take any action adversely affecting the client's interest unless the client has been fully apprised, to the extent reasonably practicable, of the risks and possible consequences thereof—that is, the client must give informed consent." *Id*.

Here, the Declaration of Intent, if construed as evidencing Capers' agreement to her attorney's receipt of 25 percent of her past-due benefits, would result in Mr. Rankin acquiring a pecuniary interest in Capers' disability benefits award, which is an interest that is adverse to her.

---

[6] Again, Louisiana's rule closely tracks the ABA rule. *See* ABA MODEL RULES OF PROF'L CONDUCT 1.8(a).

*See Wiener, Weiss & Madison v. Fox*, 971 F.3d 511, 517 (5th Cir. 2020) (a contingency fee arrangement that results in an attorney owning part of the client's business is a business transaction under Rule 1.8(a)).

Furthermore, the Declaration of Intent does not appear to be fair and reasonable to Capers, at least to the extent that it may be interpreted as her agreement to pay her attorney additional sums for federal court work that the attorney completed years previously and for which he already was compensated under the terms of the Retainer Contract. There also is no indication that Capers was advised in writing of the desirability of seeking independent counsel, or, if so, that she received a reasonable opportunity to seek the advice of independent legal counsel regarding the transaction. Finally, there is no evidence that Capers provided informed consent to the terms of the transaction or Mr. Rankins' role in the transaction.

In short, to the extent that the Declaration of Intent attempts to enlarge the terms of the Retainer Contract, it plainly transgresses all three conditions of Rule 1.8(a), per the evidence before the court. Moreover, "'[a]n attorney-client contract which directly violates a disciplinary rule is unenforceable.'" *Wiener, Weiss & Madison*, 971 F.3d at 516 (quoting *Hodges,* 103 So.3d at 1073).

Accordingly, the court finds that counsel's requested § 406(b) fee is not authorized or reasonable under the circumstances.[7]

---

[7] The court notes that Mr. Rankin obtained an almost identical Declaration of Intent from another client in a case that was litigated in the Alexandria Division of this Court. *See Holly v. Commissioner, U.S. Social Security Administration*, Civ. Action No. 17-970 [doc. # 31] (W.D. La.). However, in granting Mr. Rankin's § 406(b) petition, as supplemented and amended, the court did not address the terms of the original retainer agreement or the efficacy of the Declaration of Intent. *Id*.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the petition for attorney's fees pursuant to 42 U.S.C. § 406(b) [doc. # 24] filed by Alex W. Rankin, attorney for Plaintiff Kawanda Capers, be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 7th day of November, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE